UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>   v.<br><br>PATRICK TORMAY BRITTON-HARR;<br>PROVISTA HEALTH, LLC;<br>AMS ONSITE, INC.;<br>BRITTON-HARR ENTERPRISES, INC;<br>COASTAL LABORATORIES, INC.; and<br>COASTAL MANAGEMENT GROUP, INC.,<br><br>   *Defendants.* | Civil Action No. 1:23-cv-01921-ELH |

**STATUS REPORT IN RESPONSE TO THE COURT'S CONTEMPT ORDER**

Comes now Defendant Patrick Tormay Britton-Harr, through undersigned counsel, and files this status report updating the government and the Court on Mr. Britton-Harr's efforts to deposit the $575,000 in the Court registry pursuant to the Court's contempt order. *See* ECF 48.

On March 4, 2024, the Court granted the Government's Motion for Contempt and ordered that the Defendant place $575,000 in the court registry. This amount is equal to the sales price for which the Defendant sold the Cornhill property that he was prohibited from selling. The Court also ordered the Defendant to file a status report by April 30, 2024, updating the Court on his efforts to pay these funds into the court registry. *Id*. On April 30, 2024, the Court granted the Defendant's motion to file the status report by May 2, 2024. ECF 50.

At present, Mr. Britton-Harr does not have the immediate ability to pay the $575,000 to purge the contempt beyond the $32,426 that was wired into the court registry on April 30, 2024. The sale proceeds from the Cornhill property were wired from the purchaser to a Truist bank account belonging to AeroVanti to pay company invoices. This money never went Mr. Britton-

Harr, and he never used any of the money for personal use. This does not excuse either the sale of the property or the use of funds from that sale, but it explains why Mr. Britton-Harr can't simply place the sale proceeds in the court registry.[1]

Mr. Britton-Harr has been using funds from a relative's bank account to cover living expenses because he does not have any bank accounts. Nor does he receive steady income from his employment. They have also been asking friends and family to help cover expenses. Mr. Britton-Harr wants to purge the contempt and would repay the full amount immediately were he financially able to do so. Despite a present inability to pay, Mr. Britton-Harr has been making continuous and specific efforts to come up with funds to pay into the court registry. Mr. Britton-Harr has tried to sell personal assets not subject to any restraints in order to obtain such funds. For example, Mr. Britton-Harr tried to sell a yacht with the intent of turning over the proceeds to the court registry. He had a potential buyer willing to purchase the yacht for $150,000. Unfortunately, on May 1, 2024, Mr. Britton-Harr learned for the first time that the potential buyer was withdrawing his offer due to health reasons.

Mr. Britton-Harr also explored whether he could place stock or assign shares of that stock in the court registry to be held in lieu of the balance of the $575,000. Although Mr. Britton-Harr is willing to do that, the Clerk of Court is unable to accept stock into the court registry. Instead, Mr. Britton-Harr is considering whether he can sell shares of the stock at an arm's length transaction and place the sale proceeds directly into the court registry. These discussions are ongoing, as are other efforts to obtain funds.

---

[1] For full disclosure, Mr. Britton-Harr was also involved in the sale of a yacht, the *En Garde*, which was owned by AVYC. The proceeds from the sale of the *En Garde* went directly from the buyer to Elite Yachting to cover past due payroll that AVYC owed to Elite Yachting employees. No funds went to Mr. Britton-Harr. Again, this information is provided solely to explain why such funds are not available to pay into the court registry. This disclosure should not be construed as an admission that Mr. Britton-Harr was aware that the sale of the *En Garde* was prohibited.

For these reasons and several others, additional remedies are not necessary. *Cf. XL Specialty Insurance Company v. Bighorn Construction & Reclamation, LLC,* No. 21-3068-CDA, 2024 WL 216704 (D. Md., January 18, 2024). Rather, any additional remedies would be punitive, because sanctions for civil contempt "must be remedial and compensatory and, unlike criminal contempt, nonpunitive." *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). In addition, the Court has already established an appropriate remedy for the contempt: Ordering Mr. Britton-Harr to pay $575,000 to the court's registry as compensation for the act that gave rise to the contempt itself, selling the Cornhill property. *Id.* ("Generally, a compensatory sanction 'may not exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding.'" *In re Tetracycline Cases*, 927 F.2d 411, 413 (8th Cir. 1991) (quoting *NLRB v. Laborers' Int'l Union*, 882 F.2d 949, 955 (5th Cir. 1989)).

Dated: May 3, 2024

Respectfully submitted,

/s/ David G. Barger
David G. Barger, Esq.
Maryland Bar No. 14716
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Tel: 703-749-1300
bargerd@gtlaw.com

/s/ Benjamin G. Greenberg
Benjamin G. Greenberg, Esq.
Greenberg Traurig, LLP
333 S.E. 2nd Ave., #4400
Miami, FL 33131
Tel: 305 579 0500
greenbergb@gtlaw.com
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of May, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ David G. Barger*
David G. Barger, Esq.
Maryland Bar No. 14716
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Tel: 703-749-1300
Fax: 703-749-1301
bargerd@gtlaw.com