# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | Civil No. ELH-23-01921 |
| PATRICK TORMAY BRITTON-HARR; PROVISTA HEALTH, LLC; AMS ONSITE, INC.; BRITTON-HARR ENTERPRISES, INC.; COASTAL LABORATORIES, INC.; and COASTAL MANAGEMENT GROUP, INC., | |
| *Defendants.* | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM

This case is rooted in a 58-page Complaint filed by the United States on July 18, 2023, against Patrick Britton-Harr ("Defendant") and five entities that he owns and controls. ECF 1. The Complaint asserts three claims under the False Claims Act: 31 U.S.C. § 3279(a)(1)(A) (Count I); 31 U.S.C. § 3729(a)(1)(B) (Count II); and 31 U.S.C. § 3729(a)(1)(C) (Count III). In addition, it lodges claims of unjust enrichment (Count IV) and "Payment by Mistake of Fact" (Count V).

On the same date that suit was filed, the United States (the "Government") filed an Application for prejudgment remedies under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.* ECF 2. The Application, which sought multiple writs of attachment, was supported by a memorandum (ECF 2-1), thirty-one exhibits, and other documents. *See* ECF 2-3 through ECF 2-52.

On August 4, 2023, pursuant to the FDCPA, the Court issued several writs of attachment and writs of prejudgment garnishment to or for the Government, including as to Lots 315 and 316, located at 1309 Spinnaker Drive, North Myrtle Beach, South Carolina 29582 (the "Property").

ECF 12 at 3-4.  The Property is owned by Tombstone Holdings, LLC ("Tombstone").  *See* ECF 2-1 at 18.  In turn, defendant Britton-Harr owns a 50% interest in Tombstone, and his wife also owns a 50% interest in Tombstone.  *See*, *e.g.*, ECF 93 at 1.

By Order of July 17, 2024 (ECF 67), the Court entered a detailed Default Judgment against all defendants, including Britton-Harr.  ECF 67.  I incorporate here the factual and procedural summary set forth in ECF 67.  Of note, in ECF 67, I recount some of the pertinent history of the case.  And, I determined that defendants violated the False Claims Act, 31 U.S.C. § 3729.  *See id.,* ¶¶ 8-18.  Further, I concluded that defendants, jointly and severally, owe the Government over $26 million for defrauding the Medicare program.  *Id.* ¶¶ 19-34; *id.* at 16, ¶¶ 2, 3.

According to the Government, no payments have been made on this debt.  ECF 94-1 at 1. Britton-Harr does not dispute that assertion.  *See* ECF 93.

Defendant Britton-Harr, pro se, has filed a motion to sell the Property.  ECF 93 ("Motion"). He acknowledges that the Property is owned by Tombstone, and that he and his wife each own 50% of Tombstone. *Id.* at 1.

Defendant asserts that the value of the Property is approximately $60,000.  *Id.*  He asks to use the proceeds of sale first to pay the approximate sum of $10,000 owed to the "Home Owners Association."  *Id.*  Then, he seeks to "split the remaining proceeds equally" between the Government and his wife, for her use for "personal expenses such as rent, utilities, groceries, etc." *Id.*

The Government opposes the Motion.  ECF 94, ECF 94-1.  It has also submitted several exhibits.  The Government contends that the Property "should be sold in an arm's length transaction through South Carolina's judicial foreclosure process and any proceeds remaining after satisfaction of senior liens should go exclusively to the United States."  ECF 94-1 at 1.

Defendant did not reply. And, the time to do so has expired.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.     Background

Britton-Harr claims to have purchased the Property through Tombstone in November 2022. *See* ECF 94-2 at 3. He owns a 50 percent controlling interest in Tombstone. *See* ECF 31-2 at 2. His wife, Tracy Deckman, owns a 50 percent non-controlling interest in Tombstone. *Id.* As mentioned, on August 4, 2023, pursuant to the FDCPA, the Court issued a writ of attachment to the Government for the Property. It states that "Tombstone shall not sell" the Property. ECF 12 at 3-4.

The Property appears to be part of a homeowners association ("HOA") and subject to fees from the HOA. *See* ECF 94-3.[1] These fees are unpaid. As a result, on November 30, 2023, the HOA put a lien on the Property. *Id.* at 3.

Thereafter, on April 29, 2024, the HOA filed suit in a South Carolina state court to foreclose on the Property. ECF 94-4. In its complaint, the HOA asserts that its lien is superior to the lien of the United States. *Id.* at 3. And, it asks that the Property be sold through a judicial foreclosure sale. *Id.* at 4. According to the Government, this request appears to have been granted in January 2025. ECF 94-5. However, the Government asserts that, as of April 4, 2025, "South Carolina's online docket for the HOA lien foreclosure action does not show that a foreclosure

---

[1] ECF 94-3 lists the Property at the address of 1310 Spinnaker Drive, rather than 1309 Spinnaker Drive. *Id.* at 1. But, the Government asserts that "there is some uncertainty over the exact address listing of this undeveloped property[.]" ECF 94-1 at 2 n.1. As mentioned, the Property consists of two lots. In any event, it is undisputed that the Property in issue is located on Spinnaker Drive in North Myrtle Beach.

order has yet been issued.  https://www.sccourts.org/case-records-search/ (last visited April 4, 2025)."  ECF 94-1 at 2 n.2.

On March 12, 2025, Britton-Harr, through his former court-appointed counsel, asked the Government to consent to sell the Property to his parents for $60,000 in "cash."  ECF 94-6.  He claims that sum corresponds to the purchase price.  *Id.*  He also proposed dividing the proceeds of sale equally between the Government and Defendant after payment of the $10,000 HOA lien.  *Id.* The Government rejected the proposal on March 19, 2025.  *See* ECF 93 at 2.  The Motion followed on March 21, 2025.  ECF 93.

As mentioned, on July 17, 2024, this Court ordered Defendant and others to pay the Government over $26 million for violation of the False Claims Act.  *See* ECF 67 at 16.  No payments have been made toward this debt.  ECF 94-1 at 2.  The Government claims that the only money it has been able to recover regarding this debt "is the money that Britton-Harr has been unable to hide or otherwise dissipate because it was not under this control.  *See, e.g.*, ECF 87, ECF 92 (money held in the Court's registry and in garnishment by Truist Financial Corp.)."  ECF 94-1 at 2-3.  The Government also recounts other instances of defendant's arrearages.  *Id.* at 3.

## II. Discussion

As noted, on August 4, 2023, the Government obtained a writ of attachment on the Property, pursuant to the FDCPA, 28 U.S.C. § 3001 *et seq*.  *See* ECF 12 at 3-4.  The FDCPA states that the Government's attachment lien on a debtor's property has priority over any subsequent liens.  28 U.S.C. § 3102(f)(2).  Moreover, the writ of attachment states that "Tombstone shall not sell . . . ." the Property.  ECF 12 at 3-4.  Notably, the FDCPA provides that property "shall be sold . . . at public auction at the courthouse of the county, parish, or city in which the greater part of the property is located . . ."  *Id.*, § 3203(g)(1)(A)(i).  Upon sale, in general, the proceeds are to

be distributed to the Government unless the sale concerns "partially exempt property." *Id.*, § 3203(h). Thus, the writ does not prohibit a State court from handling a lien foreclosure action or from selling the Property.

The government indicates that, according to the HOA, its lien on the Property predated the Government's lien and is superior. ECF 94-4 at 3, ¶ 9. The HOA seeks a sale of the Property through the South Carolina foreclosure process and asks that proceeds be used to cover the HOA's lien. *Id.* at 4-5. As mentioned, the HOA lien is approximately $10,000. *See* ECF 93 at 1.

The Government asserts: "If the state court in South Carolina determines the HOA's lien is superior to the government's, the government agrees with the HOA that the sale should be made through the state's normal judicial foreclosure process." ECF 94-1 at 5. But, it also asserts that "[i]f the government's lien is superior to the HOA lien, the FDCPA allows the government to force the sale of the attached property of the debtor to satisfy a judgment. *See* 28 U.S.C. § 3203(g)." ECF 94-1 at 5.

Britton-Harr has not claimed that the Property is subject to any exemptions under the FDCPA. *See* ECF 2-51, ECF 93. The Government maintains that the FDCPA does not permit the judgment debtor to "sell attached property through a private sale (to his parents no less) and then split the proceeds evenly with the United States. To the contrary, it states that the sale shall be public, *id.* at § 3203(g)(1)(A)(i), and the proceeds go to the government. *Id.* at § 3203(h)." ECF 94-1 at 4-5.

In addition, the Property is owned by Tombstone. ECF 93 at 1. Therefore, the Government contends that Britton-Harr, who is not a lawyer, cannot appear on behalf of Tombstone, and that Tombstone must appear through counsel. Therefore, the government argues, ECF 94-1 at 5-6: "Because Britton-Harr has brought this motion seeking relief for Tombstone from the writ of

attachment (ECF 12 at 3-4), the Court should dismiss it as an improperly filed pro se pleading on behalf of a limited liability company.  *See Harris v. Wells Fargo Corp. Office Headquarters, HQ*, GJH-20-0920, 2020 WL 748912, at *3 (Dec. 21, 2020), D. Md.) (finding dismissal would be appropriate where pro se plaintiff brought action on behalf of his company)."

Local Rule 101.1(a) provides:  "All parties other than individuals must be represented by counsel."  Indeed, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  *LNV Corporation v. Harrison Family Business, LLC*, ELH-14-03778, 2016 WL 11740000, at *1 (D. Md., Mar. 16, 2016) (citing *Roland v. Cal. Men's Colony*, 506 U.S. 194, 201 (1993)).  "The same is true of a limited liability company or LLC."  *LNV Corp.*, 2016 WL 11740000, at *1.

I agree with the Government that Tombstone, which owns the Property, cannot appear without an attorney.  Moreover, defendant cannot represent Tombstone, as that would amount to the unauthorized practice of law.  On this basis, I must reject the Motion.

Even assuming, *arguendo*, that Britton-Harr could appear for himself as an interested party, he has not provided a basis for the requested relief.  Notably, the Property is in foreclosure in South Carolina.  If Britton-Harr's parents want to purchase the Property at the foreclosure sale, I am unaware of any basis that would bar them from participating at a public auction, so long as they engage in an arms-length transaction.  However, the State court must allocate the proceeds of sale in accordance with the law.  Britton-Harr has not presented any legal basis that would entitle either him or his wife to keep half of the proceeds of sale.

### III.  Conclusion

For the reasons set forth above, the Motion is denied.  An Order follows.


Date:  April 24, 2025                              _____/s/_____
                                                   Ellen L. Hollander
                                                   United States District Judge